UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
KENNETH J. MURPHY
CLERK

03 OCT 14 PM 4:32

| | |
|---|---|
| DARLINGTON AMADASU<br>Plaintiff | CASE NO. C-1-01-0284 |
| V. | ( Dlott/Sherman) |
| HEALTH ALLIANCE OF GREATER<br>OF    CINCINNATI, INC., et al<br>Defendants | PLAINTIFF'S OBJECTIONS TO<br>DISTRICT JUDGE'S ORDER<br>MOTION FOR RELIEF FROM ORDER |

Plaintiff objects to the District Judge's Order entered 10/1/03 because the order is not supported by record evidence. Plaintiff hereby requests that the said order be vacated and set aside and grant the relief sought in Doc. 56.

The order deprives plaintiff his right to obtain information, materials and document relevant to prosecute his case.

Because the said order abets, aids and acquiesces in the Magistrate's purposeful misrepresentations that work fraud upon the court, Plaintiff now seeks relief from Order pursuant to FRCP 60.

FRCP 72, mandates the district judge to conduct a *de novo* determination of the issues by reviewing the entire record related to those portions of the order but where as here, the district judge merely recites the Rule 72 and simply rubber stamp the Magistrate's misrepresentations without reviewing the record evidence to see whether the magistrate's report is supported by evidence.

**The District judge should not have affirmed the Magistrate's ruling that
defendants have already responded to the entire discovery to which plaintiff
is entitled because it is unsupported by the evidence in the record**

The Magistrate's ruling that defendants have already responded to all of the discovery to which plaintiff is entitled is grossly untrue and constitutes wild, generalized conclusion unsupported by any scintilla of evidence to the record. The Magistrate failed to identify with specificity and particularity number, nature and type of responses purportedly given by defendants and or obtained by plaintiff. The defendants, in their untimely non probative opposition paper (doc. 36) and protective order motion (doc. 37), did not assert that they have given plaintiff or plaintiff has obtained any discovery requests

1

from them, rather defendants in their convoluted, ambiguous and misleading statements, inter alia, "…and early December 2002, the defendants' trial counsel sent plaintiff a letter stating that **responses to number of plaintiff's requests were forthcoming**…"(sic) See, doc. 36 at 3. and "defendants' response that responsive documents will be produced does not mean that any such documents necessarily exist," (sic). The purported defendants' responses stated in doc. 36 at 2-5 and doc.37 at 3-5 misrepresented by the Magistrate are mere belatedly four-letter responses in which defendants made indefinite promises to respond to plaintiff's discovery. Those said letter responses were/are: doc. 32 Ex. 3, 17, 18, 19, but they do not constitute responses to Rule 26, 33, 34, and 36 plaintiff's discovery requests, to which defendants have not responded to date.

A reasonable and impartial fact-finder would see that defendants' chart in (doc. 36 at 3-5) clearly show defendants' 'untimely one-page letter responses, non-responses and responses were forthcoming,' all of which constitute gross discovery abuses and violations of all the discovery rules and the Magistrate intentionally and purposefully gloss over. Therefore, the Magistrate was grossly and clearly erroneous in his findings of facts, conclusion of law, discovery or evidentiary ruling and order. The truth is that defendants have not responded to any of plaintiff's discovery requests for more than 15 months and continuing to date.

## CONCLUSION

Based on the foregoing, plaintiff request that the district judge's Order should be vacated, set aside and grant plaintiff all the relief sought in plaintiff's objections to the magistrate's order.

Respectfully submitted,

Darlington Amadasu
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**
I hereby certify that true copy of the foregoing was served upon Michael A. Roberts, attorney for defendants on 10/14/03 by fax

2