UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,

        Plaintiff,                           Civil Action No. C-1-01-284

   vs.

THE CHRIST HOSPITAL, et al.,        (Dlott, J., Perelman, M.J )

        Defendants.

**ORDER DENYING: (1) PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC.63); (2) PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF SHARYN MAKRANCY (DOC.63); AND (3) PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER PRECLUDING THE USE OF PLAINTIFF'S DEPOSITION TESTIMONY (DOC.63)**

Plaintiff, Darlington Amadasu, initiated this action on May 5, 2001, by filing a *pro se* complaint pursuant to 42 U.S.C. § 2000e-5, 42 U.S.C §§ 1981, 1983, 1985, and 1986, 29 U.S.C. § 621 (ADEA), and 42 U.S.C. § 12101 (ADA). (Doc. 2). Plaintiff's complaint also alleges violations of the First, Fifth and Fourteenth Amendments and various state law claims. *Id*. Plaintiff's allegations arise out of his three week employment with Christ Hospital.

Defendants filed a motion for summary judgment on March 27, 2003. (Doc. 62). In response to defendants' motion, plaintiff filed (1) a motion to strike defendants' motion for summary judgment, (2) a motion to strike the declaration of Sharyn Makrancy attached to defendants' motion for summary judgment, and (3) a motion for a protective

1

order precluding the use or citation of plaintiff's deposition testimony.  (Doc. 63).

Plaintiff asserts that defendants' motion for summary judgment should be stricken because defendants' motion was filed after the expiration of the dispositive motion deadline.  (Doc. 63).  While the Court acknowledges the untimeliness of defendants' motion, the efficient administration of justice requires the Court to consider the merits of the motion.  *See R.J. Wildner Contracting Co., Inc. v. Ohio Turnpike Com'n,* 913 F.Supp. 1031, 1038 (N.D.Ohio,1996)(stating that the Court is not required to deny the motion simply because it is untimely, the efficient administration of justice requires that the Court consider the merits of the motion).  *See also Gould v. Sullivan*, 131 F.R.D. 108, 110 (S.D.Ohio 1989)(denying plaintiff's motion to strike untimely pleading because of the importance of the question presented, and the lack of prejudice to plaintiffs).

Plaintiff has failed to show that he has suffered any prejudice as a result of defendants untimely response.  Thus, failure to consider defendants' motion summary judgment would merely postpone this matter for another day at great expense to the parties and to the Court.  *Id.*  Plaintiff's motion to strike defendants' motion for summary judgment is therefore denied.

Plaintiff asserts that the declaration of Sharyn Makrancy attached as an exhibit in support of defendants' motion for summary judgment should be stricken because the declaration is incomplete and the signature page was not signed.  Plaintiff further asserts that Makrancy's declaration should be barred by the doctrines of estoppel in order to prevent Makrancy from evading discovery.  Plaintiff's argument is unavailing and

2

without merit. Accordingly, plaintiff's motion to strike the declaration of Sharyn Makrancy is denied.

Lastly, plaintiff moves the Court for a protective order precluding the use, introduction and/or citation of his entire deposition testimony. Plaintiff maintains that the exhibits introduced by the defendants throughout the deposition constituted "surprise, fraud and deceit" and that plaintiff was prejudiced because he did not have an "opportunity to review and be prepared to challenge them." (Doc. 63). The use of exhibits during a deposition is a widely excepted practice and is not precluded by the Rules of Civil Procedure. Accordingly, defendants use of exhibits at plaintiff's deposition did not constitute surprise, fraud and/or deceit and did not prejudice plaintiff.

Plaintiff further argues that the use of his deposition should be precluded because he was not given an opportunity to review and sign his deposition. However, there is no evidence that plaintiff was not given an opportunity to review his deposition. Moreover, the defendants filed plaintiff's deposition with the Court on March 13, 2003. Thus, if plaintiff found it necessary to review his deposition, he could have reviewed the copy filed with the Court. Accordingly, plaintiff's motion for a protective order is denied.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to strike defendants' motion for summary judgment (Doc.63) is **DENIED**;

2. Plaintiff's motion to strike the declaration of Sharyn Makrancy (Doc.63) is **DENIED**; and

3. Plaintiff's motion for a protective order precluding the use of plaintiff's deposition (Doc.63) is **DENIED**.


**DATE:** January 27, 2004         s/ David S. Perelman
                                                             David S. Perelman
                                                             United States Magistrate Judge