UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU
Plaintiff

CASE NO. C-1-01-0284

(Dlott)

PLAINTIFF'S OBJECTION TO MAGISTRATE'S ORDER [DOC. 76]

FILED CLERK 04 FEB 17 PM 4:46

HEALTH ALLIANCE
OF GREATER CINCINNATI, *et al*
Defendants

**Individually, personally, officially, & jointly**

**OBJECTIONS TO MAGISTRATE'S ORDER (Doc.76).**

Plaintiff, pursuant to FRCP 72 objects to Magistrate's Order (Doc.76) and requests *de novo* review. Specifically, Plaintiff objects to the following Magistrate conclusions and Order (Doc.76) denying:

1. *Plaintiff's motion to strike defendants' motion for summary judgment* (Doc.63)
2. *Plaintiff's motion to strike the declaration of Sharyn Makrancy* (Doc.63)
3. *Plaintiff's motion precluding the use of plaintiff's deposition testimony and for protective order* (Doc.63).

Pursuant to FRCP 72, Plaintiff requests a *de novo* determination of the issues related to those portions of the Magistrate's conclusions and Order.

The specific reasons and arguments supporting plaintiff's objection are set forth below.

**MEMORANDUM**

**1. The Magistrate Judge Should Have Stricken the Summary Judgment Motion As Untimely**

With respect to the facts of this case, as well as the underlying legal principles, plaintiff will refrain from needlessly repeating the factual summary and legal analyses contained in his memorandum supporting plaintiff's motion to strike the defendants' motion for summary judgment; to strike declaration of Sharyn Makrancy; to preclude the use of plaintiff's deposition testimony; and for protective order (Doc.63), which plaintiff herein incorporated by reference for *de novo* determination

**Relevant Facts:** This court's Calendar/Scheduling Order (CO or SO) filed May 10, 2002 set the deadline for dispositive motions for January 31, 2003 (Doc.20). Defendants filed their motion for summary judgment on March 27, 2003, that is, about two months past the ordered deadline, thereby violated the CO.

**Good Cause Standard, Law, Rule, Authorities and Argument:**

FRCP 16(b) in pertinent part mandates:

> "A Schedule shall not be modified except upon a showing of good cause and by leave of the district judgment or, when authorized by local rule"

S.D.Ohio Civ. R. (SDCR) 16.2 in pertinent part mandates:

> "In any action assigned to a Magistrate Judge...the Magistrate Judge is empowered to enter scheduling orders under Rule 16(b), FRCP, and to modify scheduling orders upon a showing of good cause."

**Two Step Analysis Required For Modifying Scheduling Order**

When a motion to amend or, dispositive motion is made after a scheduling order's deadline to amend or to make dispositive motion has expired, federal courts utilize a two step analysis set forth in *Marcum v. Zimmer*, 163 FRD 250 (S.D.W.Va. 1995). When faced with modifying SO after the deadline has past, federal court in *Burton v. United States*, 199 FRD 194, 196 (S.D.W.Va. 2001) utilized the two step analysis as follows: "Once the scheduling order's deadline for amendment of the pleadings (or for summary judgment motion) has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant must pass the tests for amendment under the Rule 15(a)." Applying that standard, the court in *Burton* determining that the government showed good cause, good faith and acted diligently allowed the government to amend its pleading. The Burton court noted that no prejudice would inure to the plaintiffs since discovery had not closed. Here in this action neither the defendants showed good cause and diligence nor this court utilized the two-step analysis in *Marcum* court. *Id.* Thus, the Magistrate made arbitrary ruling and order without the two-step analysis. Also see *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992).

In *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2nd Cir. 2000), the Second Circuit joined several other circuits "in holding that...a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to established good cause. Moreover, we agree with these courts that a finding of 'good cause' depends on the diligence of the moving party."

In *Cabrera v. Courtesy Auto. Inc.*, 192 F.Supp.2d 1012, 1018 (D. Neb. 2000), the trial court noted that: "when the district court has filed a Rule 16 pretrial scheduling order, it may properly require

that good cause be shown for leave to file an amended pleading that is substantially out of time under that pleading." Also see, *In re Milk Products Antitrust Litigation*, 195 F.3d 430, 437 (8th Cir. 1999) ("... good cause be shown ...")

The court in *Bradford v. Dana Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) ruled: "... we do not take case management orders lightly, and will enforce them." Also see *Thorn v. Blue Cross and Blue Shield*, 192 FRD 308, 309-310 (M.D. Fla.2000); *Corkrey v. IRS*, 192 FRD 66, 67-68 (N.D.N.Y.2000).

**The Magistrate Judge Denying Plaintiff's Motion to Strike, and Allowing Defendants' Summary Judgment Motion are Clearly Erroneous, Contrary to The Rule, and Constitute Abuse of Discretion, Arbitrary and Capricious Act.**

FRCP 16(b) and SDOCR 16.2 set a mandatory standard of 'good cause' showing by movant before the court has authority to modify the scheduling order in order to allow filing or doing any act after the scheduling order's deadlines for those acts have expired. The Rule 16(b) and Local Rule 16.2 are not permissive but mandatory and have statutory effect. "These rules have statutory effect," *U.S. for Use of Tanos v. St Paul Mercury Ins. Co.*, (C.A.Fla.1966) 361 F.2d 838, certiorari denied 87 S.Ct. 510, 385 U.S. 971, 17. Ed.2d 435. "These rules having been drawn by an advisory committee and adopted by United States Supreme Court, are binding upon federal district courts, regardless of views of individual judges administering them." *Westland Oil Co. v. Firestone Tire & Rubber Co.*, (D.C.N.D. 1943) 3 FRD 55. " Court and litigants must follow these rules in the same manner as they must obey a statute." *Beassley v. U.S.*, (D.C.S.C. 1948), 81 F.Supp. 518; "These rules have the same effect as a statute and are as binding upon the court as upon counsel." *Barrezuetta v. Sword S.S. Line*, (D.C.N.Y. 1939) 27 F.Supp. 935.

"Local rules of practice implementing pretrial conference procedure broadly covered by this rule, as adopted by United States District Court... have force and effect of law, and are binding upon parties and court, which promulgated them until they are changed in appropriate manner." *Smith v. Ford Motor Co.*, (C.A.Wyo.1980) 626 F.2d 784, certiorari denied 101 S.Ct. 1363, 450 U.S. 918, 67 L.Ed.2d 344.

The Supreme Court, let alone the District Court, has no power to rewrite these rules by judicial interpretations or by case laws. See *Harris v. Nelson*, (Cal.1969), 89 S.Ct.1082, 394 U.S. 286. Any interpretation of these rules that would make a rule superfluous should be avoided, *Gangemi v. Motor*, (D.C. Del. 1967) 268 F.Supp. 19; These rules will not be interpreted as to be invalid where a contrary and valid interpretation exists. *Bowles v. Tankar Gas*, (DC Minn. 1946), 5 FRD 230; and it is not the province of a District Court to modify, revise or disregard the plain terms of a rule made for its guidance. *Walling v. West Virginia Pulp & Paper Co.*, (DCSC 1942), 2 FRD 416.

**Thus, this court must obey and enforce Rule 16(b) and SDOCR 16.2, which were made for its** Guidance.

**The Magistrate Judge's Reasoning and His Supporting Case Law Lack Merits**

The efficient administration of justice requires the court not only to consider the merits of a motion but also requires the court to obey its own rules, enforce its own order equally, equitably and non-discriminatorily, and to ensure that litigants before it obey the rules and its orders, and to have fair trials by jury. It has been held: "Basic purpose of these rules is to administer justice through fair trials, not through summary dismissals." *Surowitz v. Hilton Hotels Corp.*, (1966) 86 S.Ct 845. 383 U.S. 363, re-hearing denied 86 S.Ct. 1333. 384 U.S. 915. The defendants flagrantly disobeyed Rule 16(b), Local R. 16.2 and the scheduling order by failing to show good cause and diligence as conditions precedent to modifying the scheduling order in order to enable them file summary judgment motion after the scheduling order's deadline for dispositive motion has expired. It has been held: "Trial court has ...discretion in daily guidance of a case through preparatory stages looking toward climax of a trial, and its orders must be obeyed in good faith until set aside." *Mitchell v. Johnson*, (C.A.La. 1960), 274 F.2d 394; and "This rule does not vest federal district judge unlimited authority," *Buffington v. Wood*, (C.A.Pa.1965), 351 F.2d 292. The Fifth Circuit in *Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496, 508 (5th Cir.1999) ruled that the trial court did not abuse its discretion in striking expert witness who was not designated within time provided for in scheduling order even though "the importance of the witness to the case was undeniable. Indeed, a party who ignores any case-management deadline does so at his own peril." Thus, defendants' motion must be stricken.

The plain meaning of Rule 16(b) and SDOCR 16.2 does not mandate that the party (plaintiff) opposing untimely dispositive motion filed and served by defendants after the scheduling order's deadline has past demonstrate prejudice, but on the contrary the rules mandate defendants to show good cause and diligence, and the case law mandates this court to utilize a two step analysis in *Marcum court*. *Id.* supra, before modifying the scheduling order but the magistrate acted arbitrarily and capriciously. "Federal Rules of Civil Procedure are given their plain meaning." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, (1991) 111 S.Ct. 922, 112 L.Ed.2d 1140

It is disingenuous of the Magistrate Judge to second-guess, speculate, and conjecture that allowing defendants' untimely dispositive motion does not prejudice that plaintiff. The Magistrate's reasoning that "failure to consider defendants' motion summary judgment would merely postpone this matter for another day at great expense to the parties and to the court (sic)" lacks merit because this court ignored its contribution of ten months to the undue delays vis-à-vis the defendants' unexplained delay of more than nine months from their deposition of the plaintiff to their filing dispositive motion two months past the deadline. It took this court about 10 months to consider the challenged motion filed since March 2003 and the same court wants to hastily dispose this action arbitrarily and capriciously and side-stepping the rules.

On the contrary, the magistrate's reasoning has actually postponed this matter for several months at greater expense to the parties and to the court. It has been held: "Paramount consideration

at all times in administration of justice is fair and impartial trial to all litigants, and considerations of economy of time, money and convenience ...must yield thereto." *Moss v. Associated Transport, Inc.*, (1965), 344 F.2d 23. Thus, consideration of expense, time and convenience must not warrant unconscionable attitude, partiality, passion, injustice, violation of the rules and court orders as the Magistrate's order, which certainly manifested to the prejudice of the plaintiff who has meritorious claims with clear proofs to adduce at trial.

"These rules contemplate that every litigant shall have a trial of his case on its merits and in accordance with evidence and applicable law." *Ettman v. Federal Life Ins. Co.*, (1943), 137 F.2d 121, certiorari denied 64 S.Ct. 193, 320 U.S. 785, rehearing denied 64 S.Ct. 265, 320 U.S. 815.

**Defendants' Summary Judgment Motion Untimely, Must be Stricken Consistent With Sixth Circuit and Supreme Court's Rulings Constituting Stare Decisis**

This court had acknowledged that the defendants' summary judgment motion was untimely and, thus, consistent with the Sixth Circuit and U.S. Supreme Court rulings on timeliness or untimeliness of a motion, the defendants' summary judgment motion must be stricken. The Sixth Circuit in *Torras Herreria Y Construciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir.1986) ruled: "Motion served five days after the last day to file untimely even though mailed in timely manner. Also **see** *Lawrence v. Int'l Bhd. Of Teamsters*, No. 01-3529, slip op. (6th Cir. Sept. 19, 2001) (order dismissing case as untimely filed)."

The U.S. Supreme Court ruling in *Thompson v. INS*, 375 U.S. 384 (1964) is applicable to this case. In Thompson court, the plaintiff filed unopposed, and untimely motion for a new trial. *Id.* at 386, which the trial court asserted that the plaintiff had made "in ample time." *Id.* After the court ultimately denied the post-trial motion, the plaintiff appealed. *Id.* At the appellate level defendant argued that plaintiff's motion for a new trial was untimely. The Seventh Circuit agreed and dismissed the appeal as untimely. The Supreme Court reversed, ruling that it was the district's court's error in finding the motion for a new trial timely when it was untimely. The rulings of the Sixth Circuit and the Supreme Court constitute "Stare Decisis" doctrine, which this court is obligated to obey and rely on. It has been held: "Within an individual federal judicial district, the judicial construction and application of a Federal Rule of Civil Procedure should be reasonably consistent." *McBeath v. Pierce*, (DC.Neb.1952) 13 FRD 143

**The Magistrate Judge's Ruling is Barred By the Law of the Case Doctrine, Stare Decisis, Judicial Estoppels and Equity Principles**

Unopposed Plaintiff's motion to file amended complaint and to join additional parties and claims (doc.22) filed June 19, 2002, that was mere four days past the scheduling order's deadline of June 16, 2002 before the expiry of discovery deadline and before defendants deposed the plaintiff

was denied (Doc. 26 and 50) on the ruling of untimeliness, which became the "law of the case" governing the course of this action. Equal administration of justice, equality before the law, consistency and equity demands that defendants' opposed motion for summary judgment filed on March 27, 2003, that was about 60 days past the scheduling order's dispositive motion deadline of January 31, 2002 be denied, thus, this court should be barred by the 'law of the case' doctrine, equity and judicial estoppels from allowing and ruling on untimely and opposed defendants' summary judgment motion. "Within an individual federal judicial district, the judicial construction and application of a Federal Rule of Civil Procedure should be reasonably consistent." *McBeath v. Pierce*, (DC.Neb.1952) 13 FRD 143.

**This Court Has Consistently Singled Out Plaintiff for Double Standard, Partiality, Selective and Discriminatory Enforcement of the Rules, Its Orders, Disparate Treatments, Bias and Prejudice**

Defendants harassed plaintiff with barrage of discovery requests before Rule 26(f) parties' meeting and without obeying Rule 26(d), this court unduly punished plaintiff for asserting his rights. When defendants refused, neglected and failed to respond to plaintiff's reasonable discovery requests, plaintiff moved for default judgment, which was arbitrarily denied. Plaintiff's motion unopposed to modify the scheduling order for the benefits of all parties was arbitrarily denied; Plaintiff moved unopposed to amend his complaint, though late by mere four days, was denied without this court following the generally accepted standard, which are applicable to all motions for leave to amend, filed pursuant to Rule 15(a) FRCP as set forth by this very court in *United States of America v. Atlas Lederer Co.*, (S.D.Ohio 2003), 215 F.R.D. 539; Without moving to show good cause mandated by Rule 16(b) and SDOCR 16.2, defendants' moved opposed for summary judgment about 60 days past deadline, this court manipulated the rule and allowed the untimely defendants' motion for summary judgment to pass.

These conducts of this court in connivance with the defendants violate plaintiff's equal protection, due process, jury trial, and other rights guaranteed by the constitutions and laws of the United States and Ohio. *"These rules should be liberally construed in order to bring about a fair and impartial administration of justice." American Fruit Growers v. S.T. Runzo & Co.*, (1951) 95 F.Supp. 842. "These rules contemplate an orderly administration of justice and recognize all the provisions of the constitution in regard to due process of law." *In re City of Coral Gables*, (1941) 1 FRD 600

The entire provisions and case management process under FRCP16 (b) and SODCR 16.2 are designed to result in enforceable rules, and coherent public policy and general public interest in rule of law and equal application and enforcement of the law or rule would be frustrated if the Magistrate's decision of the court of is permitted to stand.

**2. The Magistrate Judge Should have Stricken Declaration of Sharyn Makrancy (Makrancy)**

The declaration of Makrancy in support of defendant's untimely summary judgment motion was defective in that only one first page without the remaining page(s) with signature page was served on the plaintiff.

**FRCP 11** provides in pertinent part that:

> Every pleading, written motion, and other paper shall be signed;...An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of attorney or party

**Ohio Rules of Civil Procedure (ORCP) 11** patterned on FRCP 11, provides in pertinent part that: Every pleading, motion, of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name... A party who is not represented by an attorney, shall sign the pleading, motion, or other paper...If a party document is not signed...it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule an attorney or pro se party, upon motion of a party or upon court's motion, may be subjected to appropriate action, including an award to the opposing party of expenses...incurred in bringing any motion under this rule.

Defendants served on plaintiff incomplete and unsigned Makrancy's Declaration (Declaration) in support of their untimely summary judgment motion. Plaintiff's motion to strike the declaration served as notice to defendants to correct the defect or omission but defendants failed to correct the defect despite being called to their attention. Papers filed by a party in court must be true and accurate copy of those served on the other parties and vice versa. Thus, Defendants' certificate of service was incorrect and untrue.

The FRCP 11 set forth the pleading, motion or other papers that the court must recognize as non-probative, never-been served, stricken, sham, false, invalid and not be considered in civil procedure. Under this rule 11, "[e] very pleading, motion, or other paper... [a] ll pleadings, motions or other papers ...filed and served shall be signed ..._If a party document is not signed...it may be stricken as sham and false and the action may proceed as though the document had not been served." There is no exception of any party or party's attorney from this broad mandate of the rule. Thus, the provisions did not exempt defendants or their attorney from complying with this broad mandate. If the document filed is signed and the copy served is unsigned or vice versa, both the signed and unsigned filed and or served same document are not conforming, thus both are regarded stricken as sham, false and had not been served. Consequently, Every and all unsigned defendants' pleadings, motions, notices of deposition or other papers, *inter alia*, Makrancy's declaration unsigned and untrue incomplete proof/certificates of service are regarded stricken as sham, false, and never-been served upon the plaintiff as a matter of the law.

Matters dealing with pleadings, motions or other papers and proof of service served upon the opposing party and that are conforming or non-conforming to the statutory requirements are mandatory subjects for civil procedure, FRCP 11. The statutory scheme of the rule makes this clear. Unsigned and undated documents served are invalid documents under the rule.

This Magistrate's determination ignored the evident plain language meaning and mandates of FRCP 11 and FRCP 7(b)(3); and improperly validates defendants' improper motion for summary judgment.

These rules apply to motions, pleadings as well as other papers, See: *Gomersall & Assoc. v. Amari*, No. 71142 (8th Dist. Ct. App. Cuyahoga, 6/5/97) (1997 Ohio App. LEXIS 2443). Rule 11 provides that if a pleading, an answer, a motion or other paper are not signed or signed with intent to defeat the purpose of this Rule, they are to be stricken as sham and false and the action may proceed as though they had not been served, See: *Gulch v. Van Liere*, No. 91-OT-014 (6th Dist. Ct. App. Ottawa, 3/31/1992) (1992 Ohio App. LEXIS 1732) (pleading properly stricken).

For a willful violation of this Rule 11 an attorney may be subject to appropriate action. See: *Gordon Food Serv. v. Hot Dog John's Inc.*, 76 Ohio App. 3d 105, 601 N.E. 2d 131 (1991).

The Magistrate failed to cite any authority or state the factual and legal basis for denying plaintiff's motion to strike the declaration of Makrancy. The magistrate ignored FRCP 11 provisions regarding unsigned papers filed and or served.

**3.The Magistrate Judge Should Have Precluded The Unreviewed and Unsigned Plaintiff's Deposition Transcript.**

FRCP 30(e) provides plaintiff, the deponent the right to review, correct and sign his deposition transcript. Plaintiff at the onset of his deposition asserted his right to review, correct and sign his deposition transcript but defendants refused, or failed to allow plaintiff to exercise his rights in spite of demand upon the defendants.

FRCP 26 et seq. provides that all relevant documents favorable and unfavorable to parties shall be disclosed but defendants for the purpose of creating 'surprise' held on those 30 documents, which defendants presented and marked as exhibits at the deposition of the plaintiff, thus, surprising and sandbagging the plaintiff.

FRCP 30(f)(3) mandates that: the party taking the deposition shall give prompt notice of its filing to all parties. But defendants neglected, failed and refused to give plaintiff the mandated notice of filing the deposition transcript on March 13, 2003. Plaintiff knew for the first from the Magistrate's order (Doc.76) that defendants had filed the deposition transcript on March 13, 2003.

The magistrate failed to cite record evidence of defendants affording plaintiff his right under Rule 30(e) to review, and record evidence of serving plaintiff notice of filing the transcript pursuant to Rule 30(f)(3).

The Magistrate and or the court have a duty to determine whether the defendants are obeying the rules. "Deposition cannot be introduced in evidence where it was not read or subscribed by the witness. *Anna McNally, Inc. v. Chapin* (1921) 197 AD 792, 189 NYS 441. Also see Van Son v. Herbst (1926) 215 AD 563, 214 NYS 272.

**4.Plaintiff Was Entitled To Relief Sought Absent Defendants' Oppositions**

The Magistrate failed to cite any record evidence of defendant's opposition to plaintiff's motion to strike defendants' summary judgment motion, Makrancy's declaration and preclude plaintiff's deposition transcript. Thus, defendants waived their opportunity to oppose and or defendants had no defense to the motion.

S.D. Ohio Civ.R. 7.2(2) provides in pertinent part: Any memorandum in opposition shall be served and filed within twenty-one (21) days from the date of service set forth in the certificate of service attached to the motion. *Failure to file a memorandum in opposition may be cause for the Court to grant any motion as filed. Here in this case, defendants failed to file and serve opposition paper,* thus, this court should have granted plaintiff the relief sought as a matter of the rule or law.

**4. This Court, Magistrate Judge, and District Judge Have No Power and Authority To Serve As Defendants' Trial Lawyers, Advocates, Prosecutor and Partisan Judges.**

The defendants have a paid attorney hired to serve as trial attorney and advocate for the defendants. The defendants and their attorney are not opposing and defending plaintiff's motions, inter alia, motion to strike defendants' summary judgment motion, Makrancy's declaration and to preclude plaintiff's deposition transcript.

Unconscionably, this court, Magistrate judge and the district judge on this action have abdicated their mandated duty of being impartial judges and have improperly assumed and transformed themselves into defendants' advocate, trial lawyers, prosecutor, partial judges to the prejudice of the plaintiff, the evidence of this unconscionable attitude and passion are glaring and gleanable in the record evidence. For example, the defendants are not doing the talking, opposition, defensive arguments, etc, but the court and or the Magistrate Judge has been the one talking, opposing, defending and arguing for the defendants. Why had the defendants' attorney abdicated his duty to the judges, and why are the judges and court abdicating their duty of impartial facts finders and applicators of the law and usurping the duty of the defendants' attorney?

This Court has set forth standard for analysis and determination of motion in *U.S. v. Atlas Lederer Co.*, 215 FRD 539 (S.D. Ohio 2003)

> As a means of analysis, the Court will initially set forth the standards which are applicable to all motions...filed...Thereafter, the Court will turn to the parties' arguments in support of and in opposition to the plaintiff's motion.

The Magistrate Judge had failed to follow this Court own standard for analysis and adjudication of motions filed. The Magistrate Judge had provided and substituted his own arguments in opposition for the defendants and their attorney who simply decided that "let the judge and or the court do the arguments for us"

This unconscionable attitude, passion and personal involvement of the Magistrate Judge violate plaintiff's equal protection, due process, equal justice rights secured to him by the constitution and laws of the United States and the State of Ohio. The Magistrate Judge has no duty, power and authority to become litigant, trial lawyer, partisan advocate and a partial judge in favor of the defendants.

Plaintiff and the defendants and similarly situated and must be afforded equal treatment, equal justice, equal protection of the law and the constitution and must be allowed to be heard by the jury.

## CONCLUSION

Based on the foregoing, plaintiff respectfully request the court to set aside and vacate all of the Magistrate Judge's Orders and respectfully demand equal protection, due process, equal, equitable and fair justice.

*Respectfully submitted,*

Darlington Amadasu,
Lay Pro se Plaintiff
P.O. Box 6263, Cincinnati, OH 45206

**CERTIFICATE OF SERVICE:**

I hereby certify that a true copy of the foregoing was served upon Michael Roberts, attorney for defendants by delivering to his receptionist or by fax on 02/17/04.