IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DARLINGTON AMADASU,** | ) | Case No. C-1-01 0284 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | **Judge Dlott** |
| **THE CHRIST HOSPITAL, et. al.,** | ) | Magistrate Judge Sherman |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS' MEMORANDUM IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In March 2003, the defendants filed a Motion, memorandum, declarations, and exhibits supporting its request for summary judgment in this matter. (*Doc. 62*) Defendants' Motion was filed 2 months late due to what the court recognized as a "tumultuous" discovery phase of the case. The plaintiff filed a memorandum opposing Defendants' Motion For Summary Judgment. (*Doc. 63*). The Magistrate Judge then adjudicated all federal claims in favor of defendants and dismissed without prejudice the state law claims. (*Doc. 77*).

On April 6, 2004, nearly 15 months after the Motion For Summary Judgment deadline in the case had passed, and nearly three months after the Magistrate Judge had adjudicated all of plaintiff's claims and recommended that this action be closed, the plaintiff filed a Motion For Summary Judgment. Plaintiff's motion should be stricken as untimely and/or denied on the merits.

I.   **Incorporation Of Defendants' Motion and Evidence.**

The defendants, in opposing plaintiff's April 2004 Motion For Summary Judgment, incorporate by reference Doc. 62 and its attachments.

II.   Summary of Plaintiff's Litigation History and
      <u>The Implausibility of his Allegations in This Case.</u>

While the Court doesn't normally engage in credibility assessments under Civil Rule 56, plaintiff's disputed claims are so implausible that no jury anywhere could rule in his favor.

First, as identified in Defendants' Summary Judgment Motion, plaintiff is a "serial-litigant" who screams discrimination and files multi-party, multi-count suits anytime someone crosses him.  Second, the factual assertions plaintiff makes in this case not only did not happen, they simply do not happen in our society.  And now attached to plaintiff's late motion are several manufactured documents.  Even if an employer intentionally set out to do so, it could not so thoroughly mistreat a new employee in utter disregard of well known employment laws.  Accordingly, only 2 options exist, either: (i) plaintiff (who has a habit of being the victim of outrageous discrimination) was coincidentally again a victim of such pervasive and outrageous discrimination as to shock the conscience; (ii) or plaintiff is lying.

Because the latter is the only reasonable conclusion a jury could possibly make on the undisputed facts and the implausible assertions, summary judgment is proper on all claims.

## Conclusion

For all of the above reasons, it is clear that plaintiff states no claim or jury issue.  This Court should accordingly sustain the Magistrate's Report and Recommendation sustaining Defendants' Motion For Summary Judgment.

2

Respectfully submitted,


/s Michael A. Roberts
Michael A. Roberts (0047129)
GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
P.O. Box 6464
Cincinnati, OH  45201-6464
(513) 629-2799
(513) 651-3836 – fax
email: mroberts@graydon.com
*Attorneys For Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served by first class U.S. Mail, postage prepaid on the plaintiff at P.O. Box 6263, Cincinnati, Ohio 45202 on this 21st day of April 2004.


/s Michael A. Roberts