FILED
JAMES [ ]
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

04 APR 27 PM 4:29

| | |
|---|---|
| DARLINGTON AMADASU<br>Plaintiff | CASE NO. C-1-01-0284 |
| V. | ( Dlott/Perelman) |
| HEALTH ALLIANCE OF GREATER<br>CINCINNATI, INC., et al<br>Defendants | PLAINTIFF'S REPLY MEMORANDUM IN<br>SUPPORT OF PLAINTIFF'S CROSS-MOTION<br>FOR SUMMARY JUDGMENT |

Defendants in their memorandum in opposition to plaintiff's cross-motion for summary judgment relied essentially on three points; (I) Timeliness of plaintiff's cross-motion; (II) Incorporation of defendants' motion and evidence (doc.62), and (III) Credibility/plausibility. All the three points fail because each point lacks merits on facts, evidence, law and equity.

I. **Timeliness Consideration of Defendants' Motion For Summary Judgment and Plaintiff's Cross-Motion For Summary Judgment**

It is undisputed that defendants filed untimely summary judgment motion several days past the court's ordered dispositive motion deadline without first obtaining this court leave in violation of: the Court's Calendar Order (Doc.20); Rules 11 by filing motion unwarranted by the existing rules and order; 16(b) by failing to demonstrate "good cause" for untimely filing motion; 16(e) by disobeying Calendar Order; 26(g) by failing to make full disclosure before filing motion; and 18 U.S.C. 1927 by unreasonably and vexatiously multiplying the litigation and using frivolous defense to defeat meritorious claims. Defendants and their counsel were subject to sanctions under Rules 11, 16(f), 26(g), 37; the 28 USC 1927 and the inherent power of the court. Defendants' computation of 15 months is misleading and disingenuous because defendants' Doc.62 received timely plaintiff's opposing Doc.63; the court determined the motions about 10months post-dating Doc.62. This court granted plaintiff extension of time on 2/5/04 to respond to Doc.76 by 2/28/04 and Doc.77 by 3/31/04 when plaintiff timely served defendants his opposition. Plaintiff's cross-motion serves as offense and defense consistent with Rules 56 and 72.

Additionally, Plaintiff incorporates by reference Doc.63, and 2/17/04 plaintiff's objections to Doc.76, all of which defendants failed to rebut. Plaintiff timely filed and served all his papers.

1

Therefore, equitable doctrine of unclean hands that wrongdoer is never rewarded bars Defendants from raising untimeliness in opposition. Thus, defendants' point (I) fails.

## II. Incorporation of Defendants' Motion and Evidence (Doc.62)

Defendants relied on their untimely, frivolous and fraudulent summary judgment motions laced with colossus of inconsistencies, contradictions, lies, falsities, misrepresentations, hypocrisy, imposture, impersonation, false pretenses, identity and job title theft, subornation of perjury, witness tampering, etc. Defendants filed Doc.62 and plaintiff on procedural grounds timely opposed it by Doc.63 but defendants failed to rebut Doc.63 and plaintiff 2/17/04 opposition to Doc.76, thus, evidencing that defendants admitted plaintiff's responsive pleadings as true or undisputed. Mere incorporation of Doc.62 in opposition without directing the court to specific facts and evidence in their Doc.62 that rebut plaintiff's overwhelming credible specific facts and preponderance of credible evidence could not preclude summary judgment for plaintiff. "Party [defendant] opposing motion for summary judgment must direct court's attention to where those facts appear in pleadings, affidavits, and other evidentiary matter used to support opposition; merely citing record without designating where fact is stated is not sufficiently specific." State of Ariz. V. Motorola, Inc., (D.Ariz.1992) 805 F.Supp.749. On the contrary, plaintiff had directed this court' attention to specific documents where specific facts with corroborating documents are. Defendants' memorandum, declarations and exhibits substantially in part supported plaintiff's assertions and contentions, e.g., the existence of a valid term enforceable employment contract but other parts of Doc.62 are laced with inconsistency, contradictions, misrepresentations of facts, bald assertions and conclusory statements unsupported by evidentiary documentations. "Employer's conclusory allegation…was insufficient to sustain employer's burden on its motion for summary judgment…" Luttjohann v. Goodyear Tire and Rubber Co., (D.Kan.1996) 938 F.Supp.694. Thus, defendants' point (II) fails.

## III. Credibility/Plausibility, Conjecture, Speculations and Innuendoes

Defendants acknowledged that credibility or plausibility is not assessed under Rule 56 but want this court to breach the standards set by the Sixth Circuit in Honnover Ins. Co. v. American Eng'g Co., 33 F.3d 727, 730 (6th Cir.1994) that, "In order not to usurp the right of a party to a trial by jury, the court is precluded from making credibility determinations, cannot weigh the evidence, and must construe all evidence in a manner most favorable to the nonmoving party."

Even, arguendo, credibility were to be assessed under Rule 56, defendants could not and cannot point to any specific record evidence that corroborate their wild speculations and conjecture about plaintiff's credibility but, on the contrary, plaintiff had demonstrated with specific facts and documents defendants and their counsel untrustworthiness and this court would have found them untrustworthy. For examples, defendants' counsel in their memorandum asserted that plaintiff was hired as Vascular Sonographer (VS) but plaintiff showed with the employment letter [Plf. X-motion Ex.Plf.00001-2] that plaintiff was hired as Vascular Technician (VT), which is distinguishable from VS; Defendant David Parlato, as impostor, impersonator, hypocrite, pretender and identity and title thief, claimed to be Technical Director whereas, he was a mere VT; Defendant Alliance-Christ and their attorney, Michael Roberts (Roberts) masterminded subornation of perjury in Parlato who lied about his title, and reason for plaintiff's termination.

To withstand [plaintiff's] motion for summary judgment, [defendant] must substantiate his allegations with enough probative evidence to permit finding in his favor based on more than mere speculation, conjecture, or fantasy. See Moody v. St Charles County, (C.A.8 1994) 23 F.3d 1410. Purely conclusory allegations, rank speculation, or improbable inferences may be properly discredited by the court on motion for summary judgment and are insufficient to raise genuine issue of material fact. See Kenerson v. Morgan Guar. Trust. Co., (D.N.H.1995) 889 F.Supp.523. Thus, defendants' point (III) fails.

Finally, plaintiff relied on his complaint corroborated or substantially supported by his deposition and affidavit with sworn significant preponderance of overwhelming credible exhibits; supported by defendants' answers to interrogatories, admissions, memorandum, declarations and exhibits. Summary judgment is appropriate only if pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that moving party [plaintiff] is entitled to judgment as a matter of law. See William v. CSX Transp. Inc., (S.D. Miss.1996) 925 F. Supp. 447.

Plaintiff stated specific facts, adduced evidences and applicable laws and byelaws are so one-sided weighing heavily in favor the plaintiff that plaintiff must prevail if tried by jury thus, plaintiff must be granted summary judgment on all claims as matter of law because plaintiff has made a

3

showing sufficient to establish existence of element essential to his case and on which he will bear burden of proof at trial. "Requirement for summary judgment of a 'genuine' issue of fact means that a reasonable jury could return a verdict for nonmoving party [plaintiff]; essentially, inquiry is whether evidence presents a sufficient disagreement to require submission to jury or whether it is so one-sided that one party [plaintiff] must prevail as a matter of law." Arnold v. Air Midwest, Inc., (D.Kan.1995) 877 F. Spp.1452. Defendants confessed, admitted and acknowledged by their answers to Admissions Requests, and post-termination investigative report that plaintiff was given disparate treatment in employment, the existence of enforceable term employment contract, which they breached, they violated federal, state laws and their own byelaws, policies and procedures.

## CONCLUSION

For all of the forgoing reasons, it is undisputed that plaintiff states claims for jury; the defendants offered frivolous, meritless and speculative opposition. This court should accordingly vacate and set aside the Magistrate's Report and Recommendation, which would have been in favor of plaintiff had the defendants not worked fraud upon the court, engaged in litigation and discovery abuses, which prevented plaintiff from presenting his evidence earlier.

Respectfully submitted,

Darlington Amadasu
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**
I hereby certify that true copy of the foregoing was served upon Michael A. Roberts, attorney for defendants at his address in the record on 4/27/04 by ~~delivering to receptionist~~ / Fax

4