INFORMATION COPY
MANDATE NOT YET ISSUED

No. 04-4241

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DARLINGTON AMADASU, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| HEALTH ALLIANCE OF GREATER CINCINNATI INC., et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

F I L E D
NOV 0 7 2005
LEONARD GREEN, Clerk

Before: DAUGHTREY and COLE, Circuit Judges; BARZILAY, Judge.*

Darlington Amadasu, a pro se Ohio resident, appeals a district court grant of summary judgment for the defendants in this civil rights action filed under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 621 et seq.), the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 et seq.), and various state laws. Amadasu has filed a motion to remand. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Amadasu filed his complaint in the district court alleging that he was terminated from his job as a vascular sonographer with The Christ Hospital ("TCH") (a member of the Alliance network of hospitals) because of his race (black), national origin (Nigerian), age (51), and disability (depression). He also alleges that he was subjected to unwelcome harassment as a result of his age,

---

*The Honorable Judith M. Barzilay, Judge for the United States Court of International Trade, sitting by designation.

race and disability. He further alleges that the defendants' actions were retaliatory in nature. Lastly, he alleges violations of the First, Fifth and Fourteenth Amendments and various state law claims. Named as defendants are the Alliance, TCH, the technical director of the Vascular Lab at TCH (David Parlato), and the assistance director of radiology at TCH and Parlato's direct supervisor (Thomas Kemme). The defendants moved the district court for summary judgment, and Lawler responded in opposition. The matter was referred to a magistrate judge who issued a report recommending that summary judgment be granted for the defendants. The district court adopted the report and recommendation over Amadasu's objections. This appeal followed.

We review de novo a district court grant of summary judgment. *Brooks v. Am. Broad. Cos.*, 932 F.2d 495, 500 (6th Cir. 1991). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.*, 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed. R. Civ. P. 56(c)).

Upon review, we conclude that summary judgment for the defendants was proper because Amadasu failed to establish a prima facie case of race or national origin discrimination under Title VII, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995), age discrimination under the ADEA, *see Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 371 (6th Cir. 1999); or disability discrimination under the ADA, *see Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003). Amadasu has failed to come forward with sufficient facts to prove that he was qualified for the vascular sonographer position at the time in question in order to rebut defendant Parlato's determination that Amadasu displayed difficulty in performing routine exams and maneuvering the ultrasound probe. Amadasu also failed to establish a prima facie case of retaliation. The record is devoid of any evidence that Amadasu engaged in a protected activity. *See Hafford v. Seidner*, 183 F.3d 506, 515 (6th Cir. 1999). Amadasu failed to establish a prima facie case of hostile work environment based on race under Title VII, *see id.* at 512. The summary judgment evidence, taken as a whole, reveals Amadasu's strong

subjective belief that he was the victim of racial harassment; nevertheless, the record is devoid of competent summary judgment evidence of hostility that is severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive. *See Harris*, 510 U.S. at 21.

Because § 1981 claims, like the discrimination claims, are analyzed under the Title VII framework, *see generally Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001), and because Amadasu is unable to establish his prima facie discrimination claims, his § 1981 claim likewise fails. Additionally, as pointed out by the magistrate judge, a § 1981 claim arises out of an underlying contract, and Amadasu has failed to show the existence of an employment contract. Accordingly, the defendants were entitled to judgment as a matter of law with respect to Amadasu's § 1981 claim.

Summary judgment for the defendants was proper to the extent Amadasu asserted claims for relief under 42 U.S.C. §§ 1985(3) and 1986. In order to prove a private conspiracy in violation of the first clause of § 1985(3), a plaintiff must prove: 1) a conspiracy involving two or more persons 2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and 3) an act in furtherance of the conspiracy 4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *See Collyer v. Darling*, 98 F.3d 211, 223 (6th Cir. 1996). The plaintiff must also show that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Amadasu offered nothing more than the conclusory allegation that the defendants acted in concert. Although a plaintiff may address the basic elements of a cause of action, he will fail to state an adequate claim if his allegations are premised upon mere conclusions and opinions. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In this case, without more, Amadasu fails to make sufficient factual basis to establish any sort of "meeting of the minds" or to link any of the alleged conspirators in a conspiracy to deprive him of his constitutional rights. Nothing in the record remotely indicates that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. In addition, a

plaintiff may not utilize 42 U.S.C. § 1985 to enforce rights created by Title VII. *See Great Am. Fed. Sav. & Loan Assn v. Novotny,* 442 U.S. 366, 377-78 (1979).

Inasmuch as Amadasu failed to provide evidence to support his claims under § 1985, his § 1986 must also fail. An action predicated on § 1986 cannot survive a plaintiff's failure to establish a violation of rights under § 1985. *See Smith v. Thornburg,* 136 F.3d 1070, 1078 (6th Cir. 1998).

Summary judgment for the defendants was proper on Amadasu's § 1983 because TCH is not subject to suit under 42 U.S.C. § 1983 because it is not a state actor. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155-57 (1978).

Having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over Amadasu's supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966).

Finally, Amadasu accuses the district court of misconduct throughout the proceedings. He asserts that the district court: 1) failed to conduct a de novo review; 2) failed to consider and decide his motion for summary judgment; 3) improperly denied his motion to compel; 4) improperly refused to amend the scheduling order; 5) discriminated against him in the application of pretrial procedures and orders; and 6) improperly denied his motion to amend his complaint. The district court did not abuse its discretion in its various procedural rulings. *See Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir. 2000).

Accordingly, the motion to remand is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

_____
Clerk